# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | | |
|---|---|---|
| DARREN THOMAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:12CV2248 JCH |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's motion for reconsideration. The motion will be denied.

Rule 60(b) "provides for extraordinary relief which may be granted only upon an adequate showing of exceptional circumstances." United States v. Young, 806 F.2d 805, 806 (8th Cir. 1986) (per curiam), cert. denied, 484 U.S. 836 (1987).

### Background

On July 23, 1992, petitioner was charged with distribution of heroin. United States v. Thomas, 4:92CR199 JCH (E.D. Mo). On May 17, 1993, the Court found petitioner to be indigent and appointed the Federal Defender to represent him in the matter. Id. Subsequently, Assistant Federal Defender Michael Dwyer acted as petitioner's attorney.

On June 24, 1993, petitioner filed a "Motion to Disqualify Attorney with the Request for New Attorney." In his motion, petitioner stated that he disagreed with Dwyer's strategy; he further stated, in a conclusory manner, that Dwyer's performance was below that of a reasonable attorney. Petitioner failed to identify in the motion any specific action that Dwyer should have taken but did not.

On August 13, 1993, the Court granted petitioner's request to withdraw Dwyer as counsel for petitioner. However, the Court kept Dwyer available as standby counsel. On the same day, the Court scheduled petitioner's trial for September 13, 1993.

On September 13, 1993, petitioner, proceeding pro se along with standby counsel, entered pleas of guilty to all counts of the indictment.

In 1998, petitioner was convicted of operating a large-scale heroin distribution operation. United States v. Frazier, 280 F.3d 835, 841 (8th Cir. 2002). Petitioner alleges that, as a result of his 1993 conviction, his 1998 sentence was enhanced under 21 U.S.C. §§ 841, 851. Petitioner is currently serving a 480 month term of imprisonment on the 1998 conviction.

Petitioner filed a previous petition for writ of coram nobis on September 17, 2007. Petitioner argued that the 1993 conviction was invalid because he was denied his right to counsel. Specifically, petitioner stated that he did not wish to proceed pro

se in that case; that is, petitioner wanted the Court to withdraw Dwyer and appoint new counsel for petitioner. Petitioner said that in giving petitioner the choice between proceeding with Dwyer or proceeding pro se, the Court denied him his Sixth Amendment right to an attorney.

The Court denied the petition because the claim raised in the writ could have been raised in a motion under § 2255. Additionally, petitioner failed to show that the underlying proceedings were fundamentally unfair or incorrect.

## Discussion

Petitioner's instant petition for writ of coram nobis does not differ substantially from his 2007 petition. The Court initially dismissed the instant petition on the basis that petitioner is still imprisoned, so he may not bring a petition for writ of coram nobis. This was error, because petitioner is not still imprisoned on the same charges he was convicted on in 1992. However, petitioner is still not entitled to coram nobis relief. The grounds he raises in the petition: that his plea was not knowing and voluntary and that he was forced to waive his right to counsel could have been raised in a timely § 2255 motion, and coram nobis is not a substitute for timely § 2255 proceedings. See U.S. v. Noske, 235 F.3d 405, 406 (8th Cir. 2000). As a result, petitioner's motion for reconsideration will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for reconsideration [Doc. 5] is **DENIED**.

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 21st day of December, 2012.

/s/Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE